**Clifton Earl HUDSPETH**

v.

**UNITED STATES of America.**

No. 15424.

United States Court of Appeals
Fifth Circuit.

June 28, 1955.

Jack Love, A. L. Wardlaw, Fort Worth, Tex., for appellant.

Lonny F. Zwiener, Asst. U. S. Atty., Austin, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and CHRISTENBERRY, District Judge.

PER CURIAM.

Convicted of violating Section 661, Title 18, denouncing as an offender "whoever, within the special maritime and territorial jurisdiction of the United States,[1] takes and carries away, with intent to steal or purloin, any personal property of another", defendant has appealed, assigning as his sole ground of error that the United States failed to prove that the place where the taking occurred was within the "Special Territorial Jurisdiction of the United States".

We think it quite clear that the assignment is without merit. Putting to one side the decision of this court in Brown v. United States, 5 Cir., 257 F. 46, that if, as was the case here, the place where the offense was committed was sufficiently described, the court will take judicial notice of facts which vest the United States with jurisdiction,[2] the record overwhelmingly, indeed conclusively, establishes the jurisdictional facts.

The judgment is affirmed.

---

1. Section 7, Title 18 U.S.C. provides in part:
    "The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes:
    "* * * (3) any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by the consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dock yard, or other needful building * * *".

2. Cf. Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021; and Jones v. United States, 137 U.S. 202, 11 S.Ct. 80, 34 L.Ed. 691.